UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Monique Henderson

_____
Write the full name of each plaintiff.

____CV____
(Include case number if one has been assigned)

-against-

Saks Fifth Avenue, INC

Do you want a jury trial?
☒ Yes   ☐ No

_____
Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/24/19

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Monique / T / Henderson
First Name / Middle Initial / Last Name

215 W 104th Street P.O. Box 208
Street Address

New York / NY / 10025
County, City / State / Zip Code

646-477-1633 / Monique.henderson06@gmail.com
Telephone Number / Email Address (if available)

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1: Saks Fifth Avenue, INC
Name

611 5th Avenue
Address where defendant may be served

New York / NY / 10022
County, City / State / Zip Code

Defendant 2: _____
Name

_____
Address where defendant may be served

_____
County, City / State / Zip Code

Page 2

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City          State          Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

___Saks Fifth Avenue___
Name

___611 5th Avenue___
Address

___New York___       ___NY___       ___10022___
County, City          State          Zip Code

## III.   CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

[X] **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

  The defendant discriminated against me because of my (check only those that apply and explain):

  [ ]  race:  _____

  [ ]  color: _____

  [ ]  religion: _____

  [ ]  sex: _____

  [ ]  national origin: _____

Page 3

- ☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

- ☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: __1963__

- ☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

- ☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

- ☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

- ☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

- ☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

- ☐ Other (may include other relevant federal, state, city, or county law): _____

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☒ terminated my employment
- ☒ did not promote me
- ☐ did not accommodate my disability
- ☒ provided me with terms and conditions of employment different from those of similar employees
- ☒ retaliated against me
- ☒ harassed me or created a hostile work environment
- ☒ other (specify): management issued falsified warnings while I had the age discrimination lawsuit pending at the Supreme Court.

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

Attachment I

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

Attachment I

As it was required by the EEOC policy, I submitted the direct evidence that proved that I have been discriminated against at work based on my age. I gave the examples of being turned down for promotions (the transfers) that were given to younger workers with much less experience and fewer qualifications with the accurate dates and names.

I submitted the evidence that proved that in May 2018 and in January 2019 I along with five other employees between the ages of 50 and 70 years old were singled out by the employer and were placed to work in an isolated, distant area in the back of the employer's store, that was surrounded by construction which in turn created noise and dust that deterred customers from visiting.

I also submitted the evidence with the dates and names, that the Department supervisor, Ms. Kottler created a pattern of promoting younger employees for their transfers to the best departments where they received better commissions and worked in a much better environment while I and other elderly employees must cover their positions within the Accessories Department. The management and the Human Resources officials ( Mr. Garcia) established the practice of harassing the elderly employees on the selling floor and in their offices and giving them warnings for ridiculous reasons. These facts, including the emails to HR and to the HBC headquarters from us and from other elderly employees, were also provided to the EEOC.

These adverse employment actions caused a materially adverse change in the terms and conditions of our employment and not just a mere inconvenience.

And, lastly, the EEOC had a knowledge of the fact, that the employer fired me in January and in August of 2020, respectively, after their request for a transfer to a different department and along with two other elderly employees, Ms. Yabut and Mr. Holiday.
In January 2021 at least 7 of our colleagues in the department, all of them 55 years of age or older, were fired and most of them were replaced by the younger employees.

The financial and emotional harm of age discrimination and retaliation on older workers and their families is significant.

On January 15, 2020, around 6 pm I received the email from HR that Saks is "separating" my employment based on the ungrounded "customer complaints" in relation to" customer service and communication on the selling floor" and that I
"exhibited insubordinate". Both of these allegations were false and untrue.
In the EEOC Determination Letter it was stated by Saks that I was fired due to my sales numbers.


Monique Henderson
November 21, 2022

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒ Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge? 03/05/2020

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☒ Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice? 09/23/2022

    When did you receive the Notice? 09/23/2022

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here):

Attachment II



Attachment II

Because of Saks 5th Avenue, Inc., discriminatory and retaliatory practices I suffered significant financial ramifications, humiliation, outrage and mental anguish.
In 2019 and 2020 I experienced a materially adverse change by a decrease in my wage from $ 60 thousand for a year to $ 25 thousand or less.
For the same reason, my 401K retirement plan was significantly impacted and I had to use my retirement savings just to survive in 2019, 2020 and 2021.
As to the mental health damage, it was even worse. Since May 2018, when I, along with five other associates between ages of 50 and 70 years old, have been placed to work in an isolated, distant area, in the back of the store that was surrounded by construction, which in turn created noise and dust with no entrances or exits for the customers, I experienced a mental outbreak and should have asked for help from a psychiatrist. Until now I have to be under medical specialist care.
All the foregoing, significantly damaged my material and health conditions.

Because of Saks employment action caused a materially adverse change I the terms and conditions of my employment, which included a termination of my employment, a demotion evidenced by a decrease in my wage, a material loss of my benefits and significantly diminished my material responsibilities and because I experienced a significant decline in my health, I believe that I am entitled to money damages.

Sincerely,
Monique Henderson
November 21, 2022

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated: 11/21/2022

Plaintiff's Signature: MHenderson

First Name: Monique
Middle Initial: T
Last Name: Henderson

Street Address: 215 W 104th Street P O Box 208

County, City: New York
State: NY
Zip Code: 10025

Telephone Number: 646-477-1633
Email Address: monique.henderson06@gmail.com

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

Monique Henderson
113 West 106 Street Apt 6D
NYC, NY 10025

Kaitlyn Whiteside, Esq.
Saks & Company LLC
225 Liberty Street
New York, NY 10281

*EEOC Charge Number: 520-2020-02533*

## DETERMINATION

On behalf of the Commission, I issue the following determination on the merits of the subject charge filed under The Age Discrimination in Employment Act of 1967, ("ADEA") and Title VII of the Civil Rights Act of 1964, as amended, ("TITLE VII").

Respondent is an employer within the meaning of The Age Discrimination in Employment Act of 1967 ("ADEA") and Title VII of the Civil Rights Act of 1964, as amended, ("TITLE VII"). All requirements for coverage have been met.

Charging Party asserts that she experienced disparate treatment due to her age and race and retaliation for making a Charge of Discrimination. Within the Amended Charge of Discrimination, the Charging Party asserts that she experienced disparate treatment due to her age and retaliation for making a Charge of Discrimination, including termination. The Charging Party asserts that, due to her age, she was moved from her post to a less favorable area causing a decrease in earned commission. The Charging Party further asserts that the work area she was assigned was not as accessible to customers as her previous zone or the zones of younger sales associates. The Charging Party states that she requested multiple transfers from the inaccessible, inhospitable zone, but her requests were continuously denied. Furthermore, the Charging Party claims that younger sales associates are being placed in central areas and given permission to move freely between zones, particularly for the purpose of making sales. Charging Party reports that she felt her job was threatened. Charging Party makes several complaints to Human Resources about her treatment and the assignment conditions. The Charging Party made a formal discrimination complaint with Human Resources and believed that she was retaliated against after making those complaints. The Charging Party also filed a Charge of Discrimination with the New York State Division of Human Rights which was carried to the New York State Supreme Court and alleges that Respondent discrimination against her due to this filing. Charging Party was discharged from employment while similarly situated, younger employees were retained.

Respondent denies discriminating against the Charging Party. Respondent affirms that formal complaints about the Charging Party's job performance had been made to management and continued after a new manager was appointed. Respondent claims that written warnings were issued by multiple supervisors. Respondent asserts that the zoning policies were upheld for all employees and that everyone were treated equally. Respondent further asserts that the Charging Party was unable to meet their required sales numbers which was the reason for her discharge.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

The Commission's investigation reveals that there is probable cause that Respondent acted with discriminatory animus against the Charging Party and other similarly situated older employees. The allegations of the Charging Party are support by physical evidence and witness testimony, both of which indicates that multiple parties have complained discrimination based on race and age. Evidence from witnesses indicates that the Respondent did not investigate or act to resolve discrimination complaints and further retaliated against individuals for making complaints.

Based on the above, Respondent's asserted defense does not withstand scrutiny and the Commission has determined that there is reasonable cause to believe that Respondent has discriminated and retaliated against Charging Party and a class of similarly situated older workers on account of age.

The Commission makes no finding with regard to any other basis/issue and/or statute alleged or construed to have been alleged in the subject charge.

Upon finding that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of the matter. If you wish to participate in conciliation, please email MADELINE.MCGRATH@EEOC.GOV within 10 days from the date of this LOD.

If Respondent declines to discuss settlement, or when, for any other reason, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

**ARLEAN NIETO**  Digitally signed by ARLEAN NIETO
Date: 2022.08.23 15:37:21 -04'00'

Timothy Riera
Acting District Director

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

# CONCILIATION FAILURE AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/23/2022

**To:** Ms. Monique T. Henderson
113 west 106 street apt 6D
NYC, NY 10025

Charge No: 520-2020-02533

EEOC Representative and email:   Gwendolyn Hoy
Gwendolyn Hoy
gwendolyn.hoy@eeoc.gov

## CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
09/23/2022
Timothy Riera
Acting District Director

**Cc:**
Kaitlyn Whiteside
225 Liberty Street
New York, NY 10281

David B Lichtenberg
Fisher & Phillips, LLP
430 Mountain Avenue Suite 303
New Providence, NJ 07974

Melissa Camire
The New York Times Building 620 Eighth Avenue, 36th Floor
New York, NY 10018

Justin Reiter
The New York Times Building 620 Eighth Avenue, 36th Floor
New York, NY 10018

Jessica Arnold
SAKS 5TH AVENUE/HUDSON'S BAY COMPANY
225 Liberty Street 31st Floor
New York, NY 10281


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 520-2020-02533 to the District Director at Timothy Riera, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2020-02533 |

New York State Division Of Human Rights                                                and EEOC
_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Monique T. Henderson | (646) 477-1633 | 1963 |

Street Address                                          City, State and ZIP Code
PO Box 321888, New York, NY 10032

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SAKS 5TH AVE. INC. | Unknown | (212) 940-2914 |

Street Address                                          City, State and ZIP Code
611 5th Ave, New York, NY 10022

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
|  |  |  |

Street Address                                          City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-01-2018    Latest: 01-15-2020

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a 56-year-old Black female who was employed as a Style Adviser in the Sunglasses Department for Saks Fifth Avenue from October 2015 until my discharge on January 15, 2020.

I believe I was discriminated against by my employer based on my age. Along with similarly situated older workers Larysa, Eloise, Yolanda, and Anthony, we were treated differently from younger salespeople by Saks' management. This disparate treatment has caused much anxiety as well as financial strain. One of the ways sales staff earn money is to gain commissions. However, my manager, Briana Kottler, directed all older employees to only occupy a small area, where making commissions was virtually impossible. We were not allowed to step out of our individual sales zone in the store. On other hand, younger workers were allowed to move freely around, going from leased boutique to leased boutique. Because of this freedom they were given, they were able to make large commissions between $2 and $5 Million per year. However, because older employees

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

03/05/2020     _Monique Henderson_
Date               Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2020-02533 |
| New York State Division Of Human Rights | | and EEOC |
| *State or local Agency, if any* | | |

were relegated to a small, unappealing area, our commissions dried up, we struggled to make a draw each week to even be qualified to make minimum wage. Management's disparity in treatment negatively financially impacted us.

My manager Ms. Kottler harassed me regularly, asking me if I met my numbers. She did not harass other employees in the same way as she did me. Ms. Kottler would tell me that contacting ten customers weekly by phone was mandatory, even though other salespeople either did not use their phone or did not even follow through on this method of sales. Ms. Kottler humiliated me by discussing personal disciplinary matters in public. Also, in November 2019, I was placed on a warning, then a separate and final warning stemming from a complaint about commission fraud. However, a colleague who is younger, also complained about this issue, but was never placed on warning of any kind.

Because of the age discrimination I was experiencing, I and my colleague went to Human Resources to make a formal complaint. On January 13, 2020 we went to HR and talked to Sherry Draper who informed us that she would follow up our complaint. However, on January 15, 2020, the Assistant General Manager, Billy Poppell, demanded that I go with him to meet with HR. I was surprised but asked that my colleague also accompany us since we made the complaint together. I was told that, if I did not go with him at that moment, I should go home. I was sent home immediately and a few hours later, received an email notifying me of my termination. My request to be transferred away from being supervised by Ms. Kottler because of her discriminatory conduct towards me was never granted. I believe that my termination is direct retaliation for having complained about mistreatment based on age. My similarly situated colleagues are intimidated to complain to the EEOC, they worry for their jobs after seeing what has happened to me.

Based on the above, I believe I was discriminated against in violation of the Age Discrimination in Employment Act of 1967, as amended.