```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
Monique Henderson,

                Plaintiff,

-against-

Saks Fifth Avenue, Inc.,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/2022
```

22 Civ. 9925 (AT)

**ORDER OF SERVICE**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Monique Henderson, brings this action asserting claims of retaliation and employment discrimination under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 against Defendant, Saks Fifth Avenue, Inc. *See generally* ECF No. 2.[1] On November 30, 2022, Plaintiff filed an application for the Court to request *pro bono* counsel. ECF No. 7. On December 8, 2022, the case was reassigned to the undersigned. Dkt. Entry 12/08/2022.

The Court directs service on Defendant. In addition, for the reasons discussed below, the Court DENIES Plaintiff's application for the Court to request *pro bono* counsel, ECF No. 7, without prejudice to Plaintiff's filing another such application at a later date.

**DISCUSSION**

**A.    Service on Defendant**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] By order dated November 22, 2022, the Honorable Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. ECF No. 4.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within ninety days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until ninety days after the date a summons is issued.

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (a court must order the U.S. Marshals Service to serve if a plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons for Defendant and deliver to the U.S. Marshals Service all the paperwork necessary for the U.S. Marshals Service to effect service upon Defendant.

If the complaint is not served within ninety days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss this action if Plaintiff fails to do so.

B.    **Application for the Court to Request *Pro Bono* Counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, her efforts to obtain a lawyer, and her ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Ct. for S. Dist. Iowa*, 490 U.S. 296, 301–10 (1989).

Because it is too early in the proceedings for the Court to assess the merits of Plaintiff's claims, the Court DENIES Plaintiff's application for the Court to request *pro bono* counsel, without prejudice to Plaintiff's filing another such application a later date.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*, together with an information package.

The Clerk of Court is further directed to issue a summons for Defendant, Saks Fifth Avenue, Inc.; complete a USM-285 form with the address for Defendant; and deliver all documents necessary to effect service on Defendant to the U.S. Marshals Service.

Plaintiff's application for the Court to request *pro bono* counsel at ECF No. 7 is DENIED, without prejudice to Plaintiff's filing another such application a later date. The Clerk of Court is directed to terminate the motion at ECF No. 7.

SO ORDERED.

Dated:  December 9, 2022
        New York, New York

_____
ANALISA TORRES
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Saks Fifth Avenue/Hudson's Bay Company
225 Liberty Street, 31st Floor
New York, New York 10281