UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONIQUE HENDERSON,

                Plaintiff,

-against-

SAKS & COMPANY, LLC,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _03/15/2024_

22 Civ. 9925 (AT) (BCM)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Monique Henderson, brings this action against her former employer, Saks & Company, LLC ("Saks"),[1] alleging that Saks discriminated and retaliated against her in violation of the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Compl., ECF No. 2. Defendant moves to dismiss all of Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot., ECF No. 22. On May 31, 2023, the Court referred Defendant's motion to the Honorable Barbara C. Moses for a report and recommendation. ECF No. 26.

    Before the Court is Judge Moses's Report and Recommendation (the "R&R"), dated February 8, 2024, which recommends that the Court (1) deny Defendant's motion as to Plaintiff's ADEA retaliation claim; (2) dismiss Plaintiff's ADEA discrimination claim without prejudice and with leave to amend; and (3) dismiss Plaintiff's Title VII claim with prejudice. R&R at 1–2, ECF No. 48. Plaintiff timely objected to the R&R in two separate letters. *See* First Letter Obj., ECF No. 50; Second Letter Obj., ECF No. 51. For the reasons stated below, the Court SUSTAINS Plaintiff's objection as to her ADEA discrimination claim, OVERRULES Plaintiff's remaining objections, and ADOPTS the R&R except as specified herein.

---

[1] Plaintiff initially brought this case against Saks Fifth Avenue, Inc., but the caption was amended to reflect the proper name of the defendant in this case. *See* ECF No. 42.

## DISCUSSION[2]

I.     Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3).  However, "when a party makes only conclusory or general objections, or simply reiterates [her] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review.").  Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).  An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21,

---

[2] The Court presumes familiarity with the facts and procedural history of this action as detailed in the R&R.  *See* R&R at 2–5.

2

2008) (citation omitted).  "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument."  *Id.* (citation omitted).

II.   Analysis

Plaintiff argues that the R&R erred in disregarding the findings of the Equal Employment Opportunity Commission (the "EEOC").  First Letter Obj. at 1.  On August 23, 2022, prior to the filing of the instant action, the EEOC issued a determination finding "probable cause that [Saks] acted with discriminatory animus against [Henderson] and other similarly situated older employees" (the "EEOC Determination").[3]  Compl. at 10–11; *see* R&R at 5.  Plaintiff contends that the EEOC Determination precludes dismissal of her ADEA and Title VII discrimination claims.  First Letter Obj. at 1.

A.  ADEA Discrimination

First, as to the ADEA discrimination claim, Judge Moses found that Plaintiff's complaint lacked the "factual enhancement" necessary for her claim to survive.  R&R at 11–14.  For example, Plaintiff claims that a younger similarly situated colleague was not terminated, but does not identify details about this colleague, including their "age, position, seniority, or disciplinary record" or "any facts concerning the underlying incidents."  *Id.* at 12.  Plaintiff also claims that Saks's proffered reasons for her termination—customer complaints and insubordination—were pretextual but does not "identify a single statement or comment, by anyone at Saks, that would suggest that the real motivation for her termination was her age."  *Id.* at 14.

---

[3] The EEOC Determination was attached to Plaintiff's complaint and is, therefore, properly considered on a motion to dismiss.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).

However, "a finding of probable cause by an administrative agency, such as the EEOC, though not determinative, is admissible to help establish [Plaintiff's] prima facie case" of employment discrimination. *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985). The EEOC Determination culminated a twenty-nine-month investigation precipitated by Plaintiff's charge filed on March 5, 2020. *See* R&R at 10; Compl. at 16–17. The EEOC found that Henderson's allegations—which included that she "was discharged from employment while similarly situated, younger employees were retained"—were "support[ed] by physical evidence and witness testimony, both of which indicate[] that multiple parties have complained [about] discrimination based on race and age." Compl. at 10–11. It also found that Saks's "asserted defense"—that Henderson "was unable to meet [her] required sales numbers which was the reason for her discharge"—"does not withstand scrutiny." *Id.*

It is true that neither Plaintiff's complaint nor the EEOC Determination sets forth the specific evidence considered by the EEOC. But, when faced with *pro se* pleadings, the Court must construe them liberally "to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Applying this liberal standard, the EEOC's probable cause finding of age discrimination following a two-year-plus investigation bolsters Plaintiff's allegations that she and other older employees were harassed and that she and at least nine other "elderly employees" in her department were terminated in a twelve-month period. Compl. at 6.

The EEOC Determination is not dispositive of the merits of Plaintiff's claim. The Second Circuit has noted that employment agency determinations "vary greatly in quality and factual detail," and permits defendants to "expose [any] weaknesses in the report[s]." *Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60, 65 (2d Cir. 1998) (citation omitted). But, such factual determinations are appropriately left to summary judgment or motions *in limine* before trial. *See id.*; *March v. First*

4

*Choice Med. PLLC*, No. 17 Civ. 4272, 2021 WL 3006043, at *13 n.2 (E.D.N.Y. July 15, 2021) (refusing to adopt the employment agency's determination at summary judgment); *Wanamaker v. Columbian Rope Co.*, 907 F. Supp. 522, 538 n.24 (N.D.N.Y. 1995) (same). At this preliminary stage with the benefit of the liberal *pro se* standard, Plaintiff has offered more than "labels and conclusions" and "nudged [her ADEA] claim[] from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Accordingly, the Court SUSTAINS Plaintiff's objection as to the ADEA discrimination claim and DENIES Defendant's motion to dismiss this claim.

### B. Title VII Discrimination

The R&R found that, although Plaintiff charged a Title VII violation, the EEOC Determination did not include any findings about discrimination on the basis of race, color, religion, sex, or national origin, as required for such a claim. *See* R&R at 5 & n.2, 18; Compl. at 11 ("The Commission has determined that there is reasonable cause to believe that [Saks] has discriminated and retaliated . . . on account of age. The Commission makes no finding with regard to any other basis/issue and/or statute."). Henderson offers no rebuttal. The EEOC Determination, therefore, does not preclude the dismissal of her Title VII discrimination claim, and Plaintiff's objection is OVERRULED.

Plaintiff's objections are otherwise conclusory and general or restate her original arguments.[4] *See* Second Letter Obj. at 2; *Wallace*, 2014 WL 2854631, at *1; *Bailey*, 2014 WL 2855041, at *1. And, Defendant does not object to the recommendation that the Court deny its motion as to Plaintiff's ADEA retaliation claim. ECF No. 54 at 14. Therefore, the Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none.

---

[4] Plaintiff asks the Court to hold Defendant's motion in abeyance pending mediation. Second Letter Obj. at 1. The Court denies this request in the interest of judicial efficiency. Local Rule 83.9(c)(4) makes clear that "[i]n no event is the scheduling of mediation to interfere with any scheduling order of the Court."

## CONCLUSION

For the foregoing reasons, the Court SUSTAINS Plaintiff's objection to the R&R's recommended dismissal of her ADEA discrimination claim; OVERRULES Plaintiff's other objections; and ADOPTS the R&R except to the extent modified above. Plaintiff's ADEA discrimination and retaliation claims may proceed. Plaintiff's Title VII discrimination and retaliation claims are DISMISSED with prejudice. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 22.

SO ORDERED.

Dated: March 15, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge